IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHRISTOPHER ALVIN NALL,                :
                                       :
    Petitioner,                        :
                                       :
vs.                                    : CIVIL ACTION 10-0048-CB-M
                                       :
WARDEN FPC MAXWELL,                    :
                                       :
    Respondent.                        :

## REPORT AND RECOMMENDATION

Petitioner, a Federal prison inmate proceeding pro se, filed a petition under 28 U.S.C. § 2254 (Doc. 1). This action, which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), is before the Court for Petitioner's failure to prosecute and to obey the Court's Order.

On March 3, 2010, Petitioner was ordered to complete and file this Court's forms for a petition under 28 U.S.C. § 2254 and for a motion to proceed without prepayment of fees by April 2, 2010 (Doc. 3). On March 26, 2010, the Order dated March 3, 2010, was returned as undeliverable (Doc. 4). Upon review of the docket sheet, the Court noted a discrepancy in Petitioner's address. On April 13, 2010, the Clerk was directed to mail a copy of the Court's Order dated March 3, 2010, along with the appropriate forms (Doc. 3), to Petitioner at the corrected address. Also, the time for Petitioner to respond to the Order dated March 3, 2010, was extended to May 10, 2010 (Doc. 5). The

Order dated April 13, 2010, was mailed to Petitioner at FPC Montgomery, Federal Prison Camp, Maxwell Air Force Base, Montgomery, Alabama 36112. Petitioner was warned that his failure to comply with the Order within the prescribed time would result in the dismissal of his action. The Court's Order dated April 13, 2010 (Doc. 5), has not been returned to the Court, nor has the Court, to date, heard from Plaintiff since this Order was entered. The Court finds that Petitioner has abandoned prosecution of this action.

Due to Petitioner's failure to comply with the Court's Order, and upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage

their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction; Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the

3

objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 19th day of May, 2010.

> s/BERT W. MILLING, JR.
> UNITED STATES MAGISTRATE JUDGE